[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15368
Non-Argument Calendar
_____

D.C. Docket No. 3:09-cv-00117-LC-EMT

DAVID LYNN COLLINS,

Petitioner-Appellant,

versus

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 12, 2013)

Before TJOFLAT, PRYOR and BLACK, Circuit Judges.

PER CURIAM:

David Lynn Collins, a Florida state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 federal habeas petition. In light of a recent district court decision, *Shelton v. Dep't of Corr.*, 802 F. Supp. 2d 1298 (M.D. Fla. 2011) (*Shelton I*), the district court granted Collins a certificate of appealability (COA) as to the issues of whether (1) defense counsel rendered ineffective assistance of counsel by failing to move to dismiss or for a judgment of acquittal, and failing to request a special jury instruction or object to the prosecutor's closing argument, based on the ground that the State cannot aggregate the amount of cocaine transactions when the State has failed to prove that a defendant specifically intended to sell, purchase, deliver, or possess a total of 28 grams or more of cocaine at different times; and (2) appellate counsel was ineffective for failing to raise the issue that the State may not aggregate cocaine weights from several purchases of personal-use cocaine on different occasions to prove conspiracy to traffic or trafficking in cocaine. On appeal, Collins argues we should reverse the denial of his § 2254 habeas petition.

The district court's denial of a § 2254 petition is reviewed *de novo*. *McNair v. Campbell*, 416 F.3d 1291, 1297 (11th Cir. 2005). In *Shelton I*, the petitioner sought federal habeas corpus relief, challenging the constitutionality of Florida Statute § 893.13, which had been amended to eliminate the *mens rea* requirement for drug offenses. 802 F. Supp. 2d at 1293. The district court found that § 893.13

2

as amended was facially unconstitutional because it violated the Due Process Clause, and granted the petitioner habeas relief. *Id.* at 1308. During the pendency of Collins' appeal to us, the Florida Supreme Court upheld § 893.13 as constitutional under the due process requirements as articulated by that court and the U.S. Supreme Court. *State v. Adkins*, 96 So. 3d 412, 423 (Fla. 2012). Also during the pendency of Collins' appeal, we issued an opinion reversing the district court's grant of habeas relief in *Shelton I*, holding the state court did not unreasonably apply clearly established federal law, as determined by the U.S. Supreme Court. *Shelton v. Sec., Dep't of Corr.*, 691 F.3d 1348, 1353-56 (11th Cir. 2012) (*Shelton II*). In doing so, we expressed "no view on the underlying constitutional question," but held that *Adkins* was not an unreasonable application of federal law. *Id.* at 1355.

The district court did not err in denying Collins' § 2254 habeas petition, in light of the narrow grant of COA through which we review that denial. The district court only granted a COA for us to consider Collins' first and second grounds for relief in light of *Shelton I*. We reversed *Shelton I* in *Shelton II*. *See Shelton II*, 691 F.3d at 1353-56. Therefore, we affirm the denial of Collins' § 2254 habeas petition. *See Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that appellate review is limited to the issues specified in the COA).

**AFFIRMED.**

3